IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03319-CNS-KAS

SHAWN CAMP, CITRMS,

   Plaintiff,

v.

OXFORD GENERAL PARTNER, doing business as The Oxford Club Spa & Salon,

   Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on its October 23, 2024, **Order to Show Cause** [#21] (the "Order"), addressing Plaintiff's failure to comply with the Court's Minute Order [#6] by filing an amended complaint that complies with Fed. R. Civ. P. 8. Plaintiff, who proceeds as a pro se litigant,[1] filed an "Answer to Order to Show Cause" [#22] (the "OSC Response"), Defendant filed a Reply [#23] (the "OSC Reply"), and Plaintiff, without the Court's leave, filed another Response [#24] (the "OSC Surreply").

Separately, on July 24, 2024, Defendant filed a **Motion to Dismiss for Failure to Prosecute or Failure to State a Claim** [#15] (the "Motion"), seeking dismissal under Fed. R. Civ. P. 41(b) or, alternatively, under Fed. R. Civ. P. 12(b)(6). Plaintiff filed a Response [#17] in opposition to the Motion [#15], and Defendant filed a Reply [#18]. Plaintiff, without

---

[1] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court will not be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

the Court's leave, responded to the Reply [#18] with an "Answer to Denying Defendant's Motion to Dismiss for Failure to Prosecute or Failure to State a Claim" [#19] (the "Surreply"). The Court has reviewed the briefing, the entire case file, and the applicable law.

For the following reasons, the Court's Order to Show Cause [#21] is **MADE ABSOLUTE**. The Court **RECOMMENDS** that Defendant's Motion to Dismiss [#15] be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with court orders, and failure to comply with Fed. R. Civ. P. 8(a)(2).

## I. Background

**A.    Factual Background[2]**

On February 25, 2023, Plaintiff arrived at Defendant's premises for a scheduled foot treatment. *See OSC Response* [#22] at 2. He arrived an hour or two early to avoid a possible no-show fee. *See id.* at 3. After services were rendered, Plaintiff's credit card was declined. *Id.* Staff told Plaintiff "that he could settle the bill the following day due to [his] good standing with the establishment over the years." *Id.* The following Monday, Defendant's Director of Spa and Fitness emailed Plaintiff, stating that he had "left the spa without paying for [his] service on Saturday and did not return on Sunday to settle-up as stated." *OSC Response, Ex. A* [#22] at 17. She added that the Spa had "also received

---

[2] Plaintiff claims that Defendant subjected him to "[d]iscrimination in place for public accommodations. Furthermore libel of character during the CCRD investigation. Violation of Americans with Disabilities Act of 1990 & Violation of the Civil Rights [A]ct of 1964." *Compl.* [#3] ¶ 4. However, because his Complaint [#3] offered no factual detail about his claims, the Court has drawn this background from his other filings—in particular, the portion of the OSC Response [#22] titled "See AMENDED COMPLAINT BELOW & BACKGROUND." *OSC Response* [#22] at 2-4.

2

complaints from the team regarding inappropriate behavior which makes them very uncomfortable." *Id.* She told Plaintiff that they "are going to sever ties" and that, "[m]oving forward [he] will need to find another spa to enjoy [his] spa services." *Id.* Plaintiff allegedly pressed for more information about the offensive behavior and was told "[w]e do not have to give you an explanation." *OSC Response* [#22] at 3. He claims that Defendant engaged in "Constructive & blatant Discrimination to Plaintiff who is a member of the protected class," though he does not identify his protected class and insists that his claim has nothing to do with race. *Id.* at 3-4, 6 (arguing that "opposing counsel'[s] statement about this litigation being about race is also misleading").

Plaintiff claims that the Colorado Civil Rights Division (the "CCRD") investigated Defendant and that Defendant provided "false and misleading" information to the CCRD to "pervert" the investigation. *Id.* at 6. Plaintiff states that "[D]efendant's callus [sic] behavior has caused the plaintiff great emotional duress in this litigation[.]" *Id.* at 4. Thus, "[t]he plaintiff is seeking damages from the defendant in the amount of $70,000 in addition to exemplary damages." *Id.* at 5.

**B.     Procedural Background**

On November 17, 2023, Plaintiff sued Defendant in state court. *See Compl.* [#3]. Defendant removed to this Court on December 18, 2023, and answered on December 26, 2023. *Notice of Removal* [#1]; *Answer* [#5].

**1.     The Minute Order [#6]**

On January 4, 2024, the Court found that the Complaint [#3] did not comply with Fed. R. Civ. P. 8 because it "fail[ed] to clearly and manageably articulate specific allegations explaining how Defendant allegedly violated each of the legal rights identified

3

by Plaintiff." *Minute Order* [#6] at 1. Instead, "Plaintiff's potential causes of action contain only conclusory allegations" that "do not state a claim and would be subject to dismissal." *Id.* at 2. The Court ordered Plaintiff to file an amended complaint within thirty days, providing additional factual allegations to cure the Complaint's [#3] deficiencies. *Id.*

However, Plaintiff did not file an amended complaint. Instead, on January 16, 2024, he filed an incomprehensible "Motion to Quash" [#8], which the Court construed as a motion for settlement conference and denied due to Plaintiff's failure to file "an operative pleading that gives Defendant fair notice of the basis of the claim against it." *Minute Order* [#20] at 3 (internal quotations, citation, and modification omitted).

### 2. The Motion to Dismiss [#15]

Meanwhile, on July 24, 2024, Defendant moved to dismiss on grounds that (1) Plaintiff failed to comply with the Court's Minute Order [#6] to file an amended complaint, warranting dismissal under Rule 41(b) for failure to comply with a court order; and (2) even if the Court were to construe the Motion to Quash [#8] as an amended complaint, it should nevertheless be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Motion* [#15] at 2-4.

In his Response [#17], Plaintiff suggested that his Motion to Quash [#8] should be construed as an amended complaint. *See Response* [#17] at 3 ("As of the time of this filing[,] Plaintiff has filed a Complaint as ordered by this Court."), 5 ("The Motion to Quash can suffice as an a [sic] Complaint as it does cure the deficiencies identified in the Minute Order issued by Magistrate Judge Starnella.").

### 3. The Order to Show Cause [#21]

Finally, on October 23, 2024, the Court issued its Order to Show Cause [#21], ordering Plaintiff to "show cause why this Court should not recommend that his case be dismissed pursuant to Rule 41(b) for failure to prosecute, failure to comply with the Court's Minute Order [#6], and failure to file an [a]mended [c]omplaint." *Order to Show Cause* [#21] at 3. The Court explained that "[e]ven construed liberally, the Motion to Quash [#8] does not constitute an amended complaint" because the allegations contained therein "still do not explain what Defendant did to [Plaintiff], when Defendant did it, how Defendant's actions harmed [Plaintiff], and what specific legal right Plaintiff believes Defendant violated." *Id.* at 2 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). The Court ordered Plaintiff to either (1) respond in writing to showing good cause for failure to comply with the Minute Order [#6] or (2) file an amended complaint. *Id.* at 3. The Court warned Plaintiff that "[f]ailure to respond and show good cause for Plaintiff's neglect of his case will result in the Court issuing a recommendation to dismiss Plaintiff's action." *Id.*

On November 12, 2024, Plaintiff filed his OSC Response [#22] which includes the additional facts previously discussed. *See OSC Response* [#22] at 2-4.

## II. Legal Standards

### A. Rule 8

Under Fed. R. Civ. P. 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." To that end, courts often advise pro se plaintiffs that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the

5

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Minute Order* [#6] at 2 (advising plaintiff of these requirements). These are "the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

Under Rule 8, the district court has the discretion to "dismiss a pro se complaint when, even liberally construed, it is 'incomprehensible.'" *Cf. Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (citing *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (affirming dismissal of pro se plaintiff's "incomprehensible" complaint for failure to comply with Rule 8); *Moser v. Oklahoma*, 118 F. App'x 378, 380-81 (10th Cir. 2004) (similar)). This may occur when a complaint "recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations." *Whitehead*, 295 F. App'x at 908.

**B.   Rule 41(b)**

Fed. R. Civ. P. 41(b) provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Additionally, D.C.COLO.LCivR 41.1 provides that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with . . . the Federal Rules of Civil Procedure[]or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

A Rule 41(b) dismissal is reviewed for abuse of discretion. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes*, 497 F.3d at 1144 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

If a Rule 41(b) dismissal is with prejudice, the district court must consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted). Ordinarily, a court need not consider these factors when the dismissal is without prejudice, but a court should consider them where the dismissal would essentially be with prejudice because the statute of limitations has run. *Cf. Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017) (citing *AdvantEdge*, 552 F.3d at 1236).

### III. Analysis

In responding to the Order to Show Cause [#21], Plaintiff insists that his initial Complaint [#3] was sufficient to state a claim. *See OSC Response* [#22] at 2 ("The plaintiff thought there was nothing to amend in the complaint that had been filed" because "[i]t

7

shows the facts and proves the actions of the defendant in this case."). Among other difficult-to-follow contentions, he insists that "[d]eficiencies were cured." *Id.* Although he added some additional facts and provided exhibits, including Defendant's Position Statement to the CCRD and the Spa Director's email, Plaintiff's OSC Response [#22] is still deficient because it still fails to set forth the factual basis for his claims as Rule 8 requires. *See OSC Response* [#22] at 2-4, 11-18. As Defendant argues, Plaintiff's OSC Response [#22] "still does not address the deficiencies identified by the Court in its [Minute] Order or Show Cause Order." *OSC Reply* [#23] at 2, ¶ 3.

**A.     Rule 8**

Even construing the OSC Response [#22] as an attempt at an amended complaint, it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Taking Plaintiff's allegations as true, he received spa treatment from Defendant, left without paying, and did not pay the next day as promised. *Cf. OSC Response* [#22] at 2-3, 17. Additionally, some members of Defendant's "team" made complaints relating to "inappropriate behavior which makes them very uncomfortable." *OSC Response* [#22], *Ex. A,* at 17. Plaintiff argues that "[he] never had issues with [the previous Spa Director] or [her] staff[.]" *OSC Response* [#22] at 6. According to plaintiff, this "show[s] the Court Clearly [sic] that opposing counsel statement [sic] about this litigation being about race is also misleading." *Id.* Nowhere in his recitation of facts does Plaintiff mention his race or membership in any other protected class, and he sets forth no factual assertions that would allow the Court to reasonably infer that race, disability, or some other protected characteristic played a role in

Defendant's decision to cut ties with Plaintiff—a critical element of his claim for "[d]iscrimination in place for public accommodations," *see Compl.* [#3] ¶ 4.

Thus, the causes of action Plaintiff stated in his Complaint [#3]—namely that Defendant engaged in "discrimination in place for public accommodations" in violation of the Americans with Disabilities Act or the Civil Rights Act of 1964 and "libel of character during the CCRD investigation"—remain completely unsupported by any factual averments and disconnected from the facts as Plaintiff now asserts them. *See Compl.* [#3] ¶ 4. The most plausible reading of the "Amended Complaint" portion of the OSC Response [#22] is that Defendant cut ties with him because he left without paying for services rendered, did not return to pay as promised, and made staff members uncomfortable, which does not state a claim for discrimination or libel. *See OSC Response* [#22] at 13.

Beyond this "Amended Complaint" section, Plaintiff's OSC Response [#22] is "sufficiently confusing and disjointed so as to render the legal claims incomprehensible." *Whitehead*, 295 F. App'x at 908. For example, his "Argument" section includes a strange assertion about "ex prate communication [sic] notified Magistrate Strarnella [sic] division about the infection from opposing counsel" and suggests that Defendant should be subject to "following Criminal Penalties under Federal Law. United States Code 1623 United States Code 1001 United States Code 1505." *OSC Response* [#22] at 5, 8. He lobs invective at Defendant and its counsel throughout. *See, e.g., id.* at 6 (accusing Defendant's counsel of "misrepresent[ing] the facts in this case" and asserting that "Opposing Counsel should face CONTEMPT OF COURT"), 9 (accusing Defendant of "commit[ting] PERJURY & Obstruction of Justice"). Thus, even though Plaintiff provided

some additional facts about Defendant cutting ties with him, his OSC Response [#22] demonstrably is not a short and plain statement of the basis of his claims.

The Court has repeatedly reminded Plaintiff that his case cannot proceed unless and until he files an amended complaint that collects his claims in one place and states them clearly enough for Defendant to respond. *See Minute Order* [#6] at 2 ("all of Plaintiff's potential causes of action contain only conclusory allegations" which "do not state a claim and would be subject to dismissal"); *see also Minute Order* [#20] at 3 ("Given . . . Plaintiff's failure to file a proper amended complaint, the Court finds that a settlement conference at this juncture will likely be unproductive."); *Order to Show Cause* [#21] at 3 ("Plaintiff has not filed anything that addresses the deficiencies identified in the Minute Order [#6]."). Yet Plaintiff is either unwilling or unable to comply with the Court's order—instead, his OSC Response [#22] seemingly refutes his own claims of libel and discrimination by offering straightforward and nondiscriminatory bases for Defendant's alleged conduct.

Taken together, Plaintiff's Complaint [#3] "recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations" he now levels in his OSC Response [#22]. *Whitehead*, 295 F. App'x at 908. For example, he claims he was discriminated against based on membership in a protected class but does not identify that protected class. *See OSC Response* [#22] at 2-4. Thus, Plaintiff still has not given Defendant "fair notice of the basis of the claim against [it]" nor has he "apprise[d] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that [he] has a legal right to relief." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979). Plaintiff has failed to comply with the Court's Minute Order [#6], the Court's Order to Show Cause [#21], and Fed. R. Civ. P. 8(a)(2).

**B.     Rule 41(b)**

The Court considers whether to dismiss Plaintiff's Complaint [#3] under Rule 41(b) because he is either unable or unwilling to comply with court orders and the Federal Rules of Civil Procedure. However, the statute of limitations may have run (or be about to run) on some or all of Plaintiff's claims, given that the events occurred nearly two years ago. *Cf. OSC Response* [#22] at 17 (Ms. Huntley's email dated February 27, 2023). Therefore, in an abundance of caution, the Court considers whether dismissal is appropriate under the *Ehrenhaus* factors.

**1.     Actual Prejudice to Defendant**

As for the first *Ehrenhaus* factor, defendants "ha[ve] a legitimate interest in bringing . . . matter[s] to closure within a reasonable time." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). The Court finds that Defendant has suffered actual prejudiced by the pendency of this case: Plaintiff filed his Complaint [#3] over 400 days ago, alleging only conclusory legal theories, and still has not set forth the factual basis for those claims. This impairs Defendant's ability to marshal relevant evidence and witnesses to rebut Plaintiff's claims. The Court also finds Defendant has suffered prejudice in the form of attorney's fees spent reviewing and responding to Plaintiff's filings that seek unclear relief, such as the Motion to Quash [#8]. *See Ehrenhaus*, 965 F.2d at 921 (affirming district court's determination that plaintiff's "actions prejudiced the defendants by causing delay and mounting attorney's fees"). Admittedly, this case has not involved numerous or voluminous filings, mitigating some of that prejudice.

However, the Tenth Circuit also considers the nature of the allegations against a Defendant under this factor. *Cf. id.* (noting that "a lawsuit containing the serious and

11

stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending"). Here, Plaintiff alleges that Defendant, a public facing business, unlawfully discriminated against him and committed libel. *Compl.* [#3] ¶ 4. Allegations of discrimination and libel, like allegations of fraud or unlawful collusion, "damage[] the reputation of those accused so long as the lawsuit remains pending." *Ehrenhaus*, 965 F.2d at 921 (weighing the stigmatizing effects of fraud allegations); *see also Crittendon-Morman v. Schuelke*, No. 23-cv-02630-CNS-MDB, 2024 WL 5381417, at *3 (D. Colo. Dec. 11, 2024) (commenting on damaging nature of racial discrimination [and unlawful seizure] allegations against police officers during *Ehrenhaus* factor analysis), *report and recommendation adopted*, 2025 WL 29736 (D. Colo. Jan. 6, 2025). Plaintiff's repeated failure to plead facts that support his allegations of discrimination and libel deprives Defendant of an opportunity to meaningfully address or rebut his claims. Accordingly, the Court finds that the first *Ehrenhaus* factor weighs in favor of dismissal.

   2.   **Interference with the Judicial Process**

As for the second *Ehrenhaus* factor, the Tenth Circuit has held that "causing a district court to expend unnecessary resources can establish interference with the judicial process." *Ellis-Hall Consultants, LLC v. Hofmann*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5 (10th Cir. Sep. 1, 2022) (citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (finding second *Ehrenhaus* factor satisfied where plaintiffs "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party")); *see also Brauning v. Christian*, No. 23-7063, 2024 WL 3811810, at *2 (10th Cir. Aug. 14, 2024) (affirming Rule 41(b) dismissal where plaintiff's "fail[ure] to comply with a show cause

order constitute[ed] interference with the judicial process").

Here, Plaintiff has filed multiple responses and exhibits, which the Court has spent significant time reviewing. Large portions of these filings are difficult to comprehend and have sections which are copied from Defendant's filings without attribution and then edited, rendering unclear what relief Plaintiff seeks. *See Motion* [#15] at 4 ("Plaintiff appears to have cut-and-pasted sentences and paragraphs from his Complaint and Defendant's Answer without any clear organization or point."). While Plaintiff filed most of these papers in response to court orders, this could have been avoided had Plaintiff simply followed the Court's simple instruction to "explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Minute Order* [#6] at 2 (quoting *Nasious*, 492 F.3d at 1163). This has wasted limited judicial time and resources. *Cf. Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 930 (10th Cir. 2005) (affirming dismissal order where the district court had "found the judicial system was prejudiced by the complete lack of any meaningful advancement in the case, as well as time spent by the magistrate judge"). The Court has given Plaintiff multiple opportunities to fully litigate his lawsuit since this case's inception, and the first step is framing a complaint that complies with Rule 8. *See e.g.*, Fed. R. Civ. P. 3 advisory committee's note, 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint."); *Iqbal*, 556 U.S. at 678 (stating that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Plaintiff's failure to file an amended complaint has caused, and continues to cause, enormous and mounting delay since he initiated the case on November 17, 2023. *See Compl.* [#3]. This cannot

13

indefinitely continue. Accordingly, the Court finds that the second *Ehrenhaus* factor weighs in favor of dismissal.

### 3. Plaintiff's Culpability

As for the third *Ehrenhaus* factor, Defendant argues that "Plaintiff's failure to file an amended Complaint in compliance with the Order cannot be attributed to anyone other than himself." *Motion* [#15] at 3. Indeed, Plaintiff is solely responsible for the current state of his lawsuit. While his most recent effort included more facts, those facts are completely disconnected from and unrelated to his alleged causes of action—instead, they suggest that Defendant severed ties with him because he failed to pay for services rendered. There is no indication that anyone other than Plaintiff is responsible for the deficiencies in his Complaint [#3] or his continued failure to comply with Rule 8. Accordingly, the Court finds that the third *Ehrenhaus* factor weighs in favor of dismissal.

### 4. Warnings to Plaintiff

As for the fourth *Ehrenhaus* factor, the Court has expressly and consistently warned Plaintiff that failure to comply with Rule 8(a)(2), or to show good cause for noncompliance, would likely result in a recommendation to dismiss Plaintiff's action. *See Minute Order* [#6] at 2 ("all of Plaintiff's potential causes of action contain only conclusory allegations" which "do not state a claim and would be subject to dismissal"); *Order to Show Cause* [#21] at 3 (warning Plaintiff that failure to respond with an explanation of "his failure to comply with the Court's Order [#6]" or to "file an Amended Complaint" would result in a recommendation for dismissal).

The Court made clear that it could not construe his Motion to Quash [#8] as an amended complaint because it did not comply with Rule 8. *Minute Order* [#20] at 2 ("The

14

Court therefore construes the Motion to Quash [#8] as a request for settlement conference, but it declines to grant the request at this time."); *Order to Show Cause* [#21] at 2 (explaining that Exhibit B to the Motion to Quash [#8] came close but "still fail[ed] to include 'a short and plain statement of the claim'"). Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). There can be no doubt that Plaintiff received these multiple warnings, as he filed papers in response to each. *See Motion to Quash* [#8]; *OSC Response* [#22]. Accordingly, the Court finds that the fourth *Ehrenhaus* factor weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

Finally, nothing in the record before the Court suggests that, if given more time or more chances, Plaintiff would comply with Rule 8(a)(2) by pleading facts that support his stated claims for relief. On the contrary, Plaintiff's most recent recitation of facts actually undercuts his claims because it demonstrates nondiscriminatory reasons for Defendant's conduct. *See OSC Response* [#22] at 2-4, 6. Plaintiff has repeatedly shown that he is either unwilling or unable to comply with Rule 8's mandates. Further, the Court finds that a monetary sanction would be ineffective because it bears no relationship to the issue central to this Recommendation. Under these circumstances, no lesser sanction is warranted, and dismissal is appropriate. *See Rueb v. Zavaras*, 532 F. App'x 831, 833-34 (10th Cir. 2013) (affirming district court's dismissal of pro se plaintiff's case where plaintiff's refusal to comply with the court's orders demonstrated that lesser sanctions would be ineffective). Accordingly, the Court finds that the fifth *Ehrenhaus* factor weighs in favor of dismissal.

Having weighed all five *Ehrenhaus* factors, the Court **makes absolute** its Order to Show Cause [#21]. Plaintiff has failed to comply with Rule 8 and with multiple court orders that directed him to allege facts that support his stated causes of action. He has failed to show good cause for his inability or unwillingness to comply with Rule 8.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#21] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Prosecute or Failure to State a Claim [#15] pursuant to Fed. R. Civ. P. 41(b) be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with multiple court orders and for failure to comply with Fed. R. Civ. P. 8(a)(2).

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 20, 2025                     BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge